

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-09-197-CR**

ANTHONY GEORGE HANNON                                        APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

A jury found Appellant Anthony George Hannon guilty of the offense of indecent exposure, and the trial court sentenced him to ninety days' confinement. In one issue, Hannon argues that factually insufficient evidence exists to support his conviction. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

At Hannon's trial, Irene Hudson testified that she was doing her laundry at the Quick Wash laundry mat in Fort Worth when she noticed a man sitting on a table making movements like he was masturbating. The man had his back to Hudson, and Hudson walked around the table and saw that the man was staring at a teenage girl who was also in the laundry mat. The man "was completely exposed, had his hand on his penis[,] and was masturbating." Hudson walked over to the mother of the teenage girl to tell her what was happening, and the two women stared at the man. The man looked up and realized that the women were staring at him so he quickly gathered his items and left. Hudson watched the man leave and wrote down the license plate number of his car. She called the police, told them what had happened, and gave them the license plate number. The other woman and her teenage daughter left the laundry mat without talking to the police. Hudson testified that several other people were at the laundry mat.

Detective K. F. Adcock with the Fort Worth Police Department investigated the incident. He testified that he had matched Hannon to the license plate number given by Hudson and had prepared a six-person photo spread, which included a photograph of Hannon. About two weeks after the incident, Detective Adcock met with Hudson and presented her with the photo spread. Hudson immediately identified Hannon as the man from the laundry mat. Detective Adcock testified that

he did not attempt to contact any other witnesses because he did not find any other witnesses.

Hannon testified on his behalf. He denied exposing himself and explained a confrontation that had occurred between himself and Hudson at the laundry mat that day. Hannon testified that he tried to put his clothes in a dryer but that Hudson told him it was taken. Hannon put his clothes in the dryer anyway because the dryer was empty and no one was waiting for it. According to Hannon, he and Hudson then "got into a little argument," during which Hudson began speaking Spanish and grabbed her crotch. Hannon thought she was telling him "to do something with her crouch (sic)" so he grabbed his own crotch. The argument ended, he stayed at the laundry mat until his clothes were dry, and he left.

The State called Hudson in rebuttal, and she explained that she had never spoken with Hannon before and denied any confrontation with him that day.

### III. STANDARD OF REVIEW

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Steadman v. State*, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's

3

determination is manifestly unjust. *Steadman*, 280 S.W.3d at 246; *Watson*, 204 S.W.3d at 414–15, 417. To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, although legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417.

Unless we conclude that it is necessary to correct manifest injustice, we must give due deference to the factfinder's determinations, "particularly those determinations concerning the weight and credibility of the evidence." *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *see Steadman*, 280 S.W.3d at 246. Evidence is always factually sufficient when it preponderates in favor of the conviction. *Steadman*, 280 S.W.3d at 247; *see Watson*, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court "harbor a subjective level of reasonable doubt to overturn [the] conviction." *Watson*, 204 S.W.3d at 417. We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury's resolution of a conflict in the evidence. *Id.* We may not simply substitute our judgment for the factfinder's. *Johnson*, 23 S.W.3d at 12; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Unless the record clearly reveals that a different result is appropriate, we must defer to the jury's determination of the weight to be given contradictory

4

testimonial evidence because resolution of the conflict "often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered." *Johnson*, 23 S.W.3d at 8. Our deference in this regard safeguards the defendant's right to a trial by jury. *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008). An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

## IV. FACTUALLY SUFFICIENT EVIDENCE

In his sole issue, Hannon argues that factually insufficient evidence exists that he exposed himself. He argues that other witnesses were not interviewed by police and did not testify at trial and that he offered a rational explanation of the events, including a motive for Hudson to lie.

But Hudson's testimony alone was sufficient to support Hannon's conviction. *See Harmon v. State*, 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (stating that complainant's testimony standing alone was sufficient to support appellant's conviction). Hudson testified that Hannon "was completely exposed, had his hand on his penis[,] and was masturbating." She explained that he was staring at a teenage girl at the time. The jury, as the sole judge of the witness's credibility, was free to believe her testimony. *See Lancon*, 253 S.W.3d at 706; *see also Fuentes v. State*, 991 S.W.2d 267, 271–72 (Tex. Crim. App.) (noting that "to avoid intruding on the jury's role as arbiter of the weight and credibility of the

5

evidence, a factual sufficiency review remains deferential to the jury's verdict"), *cert. denied*, 528 U.S. 1026 (1999). Similarly, the jury was well within its discretion to disbelieve Hannon's version of the events. *See Lancon*, 253 S.W.3d at 706; *Bustamante v. State*, 106 S.W.3d 738, 741 (Tex. Crim. App. 2003).

Finally, Hannon compares this case to *Johnson*, 23 S.W.3d at 11, in which the Texas Court of Criminal Appeals upheld the Corpus Christi court's factual insufficiency holding. The Corpus Christi court held that a sexual assault victim's in-court identification of the defendant was not clear and unequivocal and that the State had failed to prove beyond a reasonable doubt that the appellant had committed the crime. *Johnson v. State*, 978 S.W.2d 703, 707 (Tex. App.—Corpus Christi 1998), *aff'd*, 23 S.W.3d at 1. But here, unlike in *Johnson*, Hudson unmistakably identified Hannon in a photo spread and at trial, and she clearly and unequivocally testified that she had seen him masturbating at the laundry mat. We find *Johnson* inapposite to this case.

We have considered the evidence in a neutral light, favoring neither party. We cannot say that the evidence supporting Hannon's conviction is so weak that the jury's determination was clearly wrong or manifestly unjust or that it is contradicted by the great weight and preponderance of the evidence. *See Lancon*, 253 S.W.3d at 704; *Watson*, 204 S.W.3d at 414–15, 417. We hold that the evidence presented at trial was sufficient to support the verdict, and no contrary evidence exists that would render the evidence factually insufficient under the applicable standard of

6

review.  *See Lancon*, 253 S.W.3d at 704; *Watson*, 204 S.W.3d at 414–15, 417. Accordingly, we hold that the evidence is factually sufficient to support Hannon's conviction for indecent exposure, and we overrule his sole issue.

## IV.  CONCLUSION

Having overruled Hannon's sole issue, we affirm the trial court's judgment.


SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.;  WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 6, 2010