COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-197-CR

 

 

ANTHONY GEORGE HANNON                                                          APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

           FROM
COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

                                                   I.
INTRODUCTION

A
jury found Appellant Anthony George Hannon guilty of the offense of indecent
exposure, and the trial court sentenced him to ninety days=
confinement.  In one issue, Hannon argues
that factually insufficient evidence exists to support his conviction.  We will affirm.








                              II.  FACTUAL AND PROCEDURAL BACKGROUND

At
Hannon=s
trial, Irene Hudson testified that she was doing her laundry at the Quick Wash
laundry mat in Fort Worth when she noticed a man sitting on a table making
movements like he was masturbating.  The
man had his back to Hudson, and Hudson walked around the table and saw that the
man was staring at a teenage girl who was also in the laundry mat.  The man Awas
completely exposed, had his hand on his penis[,] and was masturbating.@  Hudson walked over to the mother of the
teenage girl to tell her what was happening, and the two women stared at the
man.  The man looked up and realized that
the women were staring at him so he quickly gathered his items and left.  Hudson watched the man leave and wrote down
the license plate number of his car.  She
called the police, told them what had happened, and gave them the license plate
number.  The other woman and her teenage
daughter left the laundry mat without talking to the police.  Hudson testified that several other people
were at the laundry mat.








Detective
K. F. Adcock with the Fort Worth Police Department investigated the
incident.  He testified that he had
matched Hannon to the license plate number given by Hudson and had prepared a
six-person photo spread, which included a photograph of Hannon.  About two weeks after the incident, Detective
Adcock met with Hudson and presented her with the photo spread.  Hudson immediately identified Hannon as the
man from the laundry mat.  Detective
Adcock testified that he did not attempt to contact any other witnesses because
he did not find any other witnesses.

Hannon
testified on his behalf.  He denied
exposing himself and explained a confrontation that had occurred between
himself and Hudson at the laundry mat that day. 
Hannon testified that he tried to put his clothes in a dryer but that
Hudson told him it was taken.  Hannon put
his clothes in the dryer anyway because the dryer was empty and no one was
waiting for it.  According to Hannon, he
and Hudson then Agot into a little argument,@
during which Hudson began speaking Spanish and grabbed her crotch.  Hannon thought she was telling him Ato
do something with her crouch (sic)@ so
he grabbed his own crotch.  The argument
ended, he stayed at the laundry mat until his clothes were dry, and he left.

The
State called Hudson in rebuttal, and she explained that she had never spoken
with Hannon before and denied any confrontation with him that day.

                                            III.
STANDARD
OF REVIEW








When
reviewing the factual sufficiency of the evidence to support a conviction, we
view all the evidence in a neutral light, favoring neither party.  Steadman v. State, 280 S.W.3d 242, 246
(Tex. Crim. App. 2009); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006).  We then ask whether the
evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the factfinder=s
determination is clearly wrong and manifestly unjust or whether conflicting evidence
so greatly outweighs the evidence supporting the conviction that the factfinder=s
determination is manifestly unjust.  Steadman,
280 S.W.3d at 246; Watson, 204 S.W.3d at 414B15,
417.  To reverse under the second ground,
we must determine, with some objective basis in the record, that the great
weight and preponderance of all the evidence, although legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d at 417.

Unless
we conclude that it is necessary to correct manifest injustice, we must give
due deference to the factfinder=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@  Johnson v. State, 23 S.W.3d 1, 9 (Tex.
Crim. App. 2000); see Steadman, 280 S.W.3d at 246.  Evidence is always factually sufficient when
it preponderates in favor of the conviction. 
Steadman, 280 S.W.3d at 247; see Watson, 204 S.W.3d at
417.








In
determining whether the evidence is factually insufficient to support a
conviction that is nevertheless supported by legally sufficient evidence, it is
not enough that this court Aharbor
a subjective level of reasonable doubt to overturn [the] conviction.@  Watson, 204 S.W.3d at 417.  We cannot conclude that a conviction is
clearly wrong or manifestly unjust simply because we would have decided
differently than the jury or because we disagree with the jury=s
resolution of a conflict in the evidence. 
Id.  We may not simply
substitute our judgment for the factfinder=s.  Johnson, 23 S.W.3d at 12; Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at 8.  Our deference in this regard safeguards the
defendant=s
right to a trial by jury.  Lancon v.
State, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008).  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint on appeal.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).

                                    IV. FACTUALLY SUFFICIENT EVIDENCE

In
his sole issue, Hannon argues that factually insufficient evidence exists that
he exposed himself.  He argues that other
witnesses were not interviewed by police and did not testify at trial and that
he offered a rational explanation of the events, including a motive for Hudson
to lie. 








But
Hudson=s
testimony alone was sufficient to support Hannon=s
conviction.  See Harmon v.
State, 167 S.W.3d 610, 614 (Tex. App.CHouston
[14th Dist.] 2005, pet. ref=d)
(stating that complainant=s testimony standing alone
was sufficient to support appellant=s
conviction).  Hudson testified that
Hannon Awas
completely exposed, had his hand on his penis[,] and was masturbating.@  She explained that he was staring at a
teenage girl at the time.  The jury, as
the sole judge of the witness=s
credibility, was free to believe her testimony. 
See Lancon, 253 S.W.3d at 706; see also Fuentes v.
State, 991 S.W.2d 267, 271B72
(Tex. Crim. App.) (noting that Ato
avoid intruding on the jury=s
role as arbiter of the weight and credibility of the evidence, a factual
sufficiency review remains deferential to the jury=s
verdict@), cert.
denied, 528 U.S. 1026 (1999). 
Similarly, the jury was well within its discretion to disbelieve Hannon=s
version of the events.  See Lancon,
253 S.W.3d at 706; Bustamante v. State, 106 S.W.3d 738, 741 (Tex. Crim.
App. 2003). 

Finally,
Hannon compares this case to Johnson, 23 S.W.3d at 11, in which the
Texas Court of Criminal Appeals upheld the Corpus Christi court=s
factual insufficiency holding.  The
Corpus Christi court held that a sexual assault victim=s
in-court identification of the defendant was not clear and unequivocal and that
the State had failed to prove beyond a reasonable doubt that the appellant had
committed the crime.  Johnson v. State,
978 S.W.2d 703, 707 (Tex. App.CCorpus
Christi 1998), aff=d, 23
S.W.3d at 1. But here, unlike in Johnson, Hudson unmistakably identified
Hannon in a photo spread and at trial, and she clearly and unequivocally
testified that she had seen him masturbating at the laundry mat.  We find Johnson inapposite to this
case.








We
have considered the evidence in a neutral light, favoring neither party.  We cannot say that the evidence supporting
Hannon=s
conviction is so weak that the jury=s
determination was clearly wrong or manifestly unjust or that it is contradicted
by the great weight and preponderance of the evidence.  See Lancon, 253 S.W.3d at 704; Watson,
204 S.W.3d at 414B15, 417.  We hold that the evidence presented at trial
was sufficient to support the verdict, and no contrary evidence exists that
would render the evidence factually insufficient under the applicable standard
of review.  See Lancon, 253 S.W.3d
at 704; Watson, 204 S.W.3d at 414B15,
417.  Accordingly, we hold that the
evidence is factually sufficient to support Hannon=s
conviction for indecent exposure, and we overrule his sole issue.

                                                  IV.  CONCLUSION

Having
overruled Hannon=s sole issue, we affirm the
trial court=s
judgment.

 

 

SUE WALKER

JUSTICE

 

PANEL:
LIVINGSTON, C.J.;  WALKER and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:
May 6, 2010











[1]See Tex. R. App. P. 47.4.