Opinion issued December 23, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00630-CR

———————————

Justin Jerome Alexander, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 268th District Court 

Fort Bend County, Texas



Trial Court Case No. 50,041

 



 

MEMORANDUM OPINION

A jury
convicted appellant, Justin Jerome Alexander, of aggravated robbery and
assessed punishment at fourteen years’ confinement.  See Tex. Penal Code Ann. §§ 29.02–.03
(Vernon 2003).  Alexander challenges the
sufficiency of the evidence for the identity and deadly weapon elements of
aggravated robbery.  We affirm.

Background

          The complainant, Gene Bogan,
managed a Taco Bell restaurant in Fort Bend County.  As part of his morning routine, Bogan placed
his bank deposit bag in the restaurant’s drive-through cashier window and
walked to his car so he could drive to the window, retrieve the bag, and then
drive to the bank.  Two men drove up and confronted
Bogan before he could retrieve the deposit bag from the cashier window.  Bogan described one man as approximately six
feet tall, thin, with light brown skin, and some kind of dreadlocks in his
hair.  Bogan described the other as
shorter, heavier, and with darker skin.  Both
suspects wore ski masks with the eyes, nose, and mouth cut out.  Bogan identified Alexander as the tall and
thin man, and testified that he saw Alexander’s eyes, nose, and mouth “clear as
day” because his mask was loose.  Alexander
was armed with a sawed-off twelve-gauge shotgun.  He ordered Bogan to get on the ground and
knocked him down with the shotgun.  Alexander
held the shotgun to Bogan’s neck and threatened to “blow his head off.”  The other man broke the cashier window and
took the bank deposit.  

          Another
employee, Sylvia Sanders, was present the morning of the robbery and she ran
across the street to call the police.  While
in the parking lot, Sanders saw the perpetrator’s vehicle.  Both Sanders and Bogan described the car as
an early-model green Mercury Grand Marquis or Ford Crown Victoria.  Sanders also claimed to have seen yellow
damage or paint on the car’s back bumper. 
Sanders testified that she described the car to the police, but she did
not mention the yellow paint at that time. 
Five weeks later, Sanders spotted the car used in the robbery based on
the distinctive yellow paint.  The
license plate was registered to Alexander. 
Detective Preston Ousley created a photo line-up including
Alexander.  Bogan positively identified
Alexander based on his eyes, nose, and mouth.

After several days of searching,
Ousley located Alexander and arranged to meet him at an apartment complex.  Alexander told Ousley he had never been to
Fort Bend County or to the area where Sanders had spotted his car.  He stated he was in an accident in San
Antonio at the time of robbery, though he produced no record of the
accident.  He also said he probably was
at work at the time of the robbery or that maybe he fell asleep and someone
took the car.  Ousley returned a second
time to the complex unannounced and found Alexander’s car, a green Grand
Marquis.  Ousley took pictures of the
vehicle, including the yellow paint on the bumper.  Alexander again stated neither he nor his car
was involved in the robbery.  Ousley
arranged to meet Alexander for a third time at the complex and arrested him for
aggravated robbery at that meeting.  

Bogan, Sander, Ousley, and various
law enforcement officers involved with the investigation testified at
trial.  The State admitted the following
exhibits into evidence: (1) photos of the crime scene, (2) the surveillance
video of the cashier window and the parking lot, (3) photos of Alexander’s car
taken by Ousley at the apartment complex, (4) the photo line-up initialed by
Bogan, and (5) a map indicating where Sanders later saw Alexander’s car.

In response, Alexander testified
that neither he nor his car was involved in the robbery.  He claimed to be 5’7’’ in contrast to Bogan’s
description of the person who assaulted him as six feet tall.  He testified that he has never been to Fort
Bend County or the restaurant at issue, and that he had lost his keys at the
time Sanders saw his car.  Alexander stated
he never saw his co-defendant or Bogan before trial.[1]  Alexander testified he called Ousley and
initiated the meeting the day he was arrested. 
Alexander’s mother and brother also testified as to Alexander’s good
character.  Based on the above evidence,
the jury convicted Alexander of aggravated robbery and assessed punishment at 14
years’ imprisonment.  

Sufficiency of the Evidence

          In
two issues, Alexander contends the evidence at trial was not sufficient to
establish the identity and deadly-weapon elements of aggravated robbery.  

I.       Elements
of Aggravated Robbery

A person commits the
felony offense of robbery if, in the course of committing a theft, and with
intent to obtain or to maintain control of the property, he (1) intentionally,
knowingly, or recklessly causes bodily injury to another or (2) intentionally
or knowingly threatens or places another in fear of imminent bodily injury or
death.  See Tex. Penal Code Ann. §
29.02.  A robbery is aggravated if the
robbery is committed and the offender (1) causes serious bodily injury to
another or (2) uses or exhibits a deadly weapon.  See
Tex. Penal Code Ann. § 29.03.  A firearm is a “deadly weapon” as
that term is defined in the Penal Code. Tex.
Penal Code Ann. § 1.07(a)(17)(A) (Vernon 2003).

II.      Standard of Review

When reviewing the
sufficiency of the evidence, we examine all the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781,
2789 (1979); Williams
v. State, 301 S.W.3d 675, 684–85 (Tex. Crim.
App. 2009).  The standard of review articulated in
Jackson v. Virginia applies to both
legal and factual sufficiency challenges to the elements of a criminal
offense.  See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see Brooks v. State, PD-0210-09, 2010 WL
3894613, at *14, 21–22 (Tex.
Crim. App. Oct. 6, 2010); see also Ervin
v. State, No. 01-10-00054-CR, 2010 WL 4619329, at * 2–4 (Tex. App.—Houston [1st Dist.] Nov.
10, 2010, no pet. h.) (construing majority holding in Brooks).  We consider both
direct and circumstantial evidence, and all reasonable inferences that may be
drawn from the evidence in making our determination.  Clayton
v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  The jury is the exclusive judge of the
credibility of witnesses and the weight to be given their testimony and only
the jury may resolve conflicts in the evidence. 
Wesbrook v. State, 29 S.W.3d
103, 111 (Tex. Crim. App. 2000).  

III.
   Analysis

          A.      Sufficient
Evidence of Identity

Alexander contends the evidence is
insufficient to establish his identity. First, Alexander asserts he did not
match the physical description issued through the BOLO (be on the lookout) alert
at the time of the robbery.  However, two
descriptions were issued and he matched the second one—tall, thin, with light brown skin and
dreadlocks.  Bogan testified as to both
descriptions.  Bogan also positively
identified Alexander at trial and in a pre-trial photo line-up.  

Second, Alexander asserts that
Bogan could not see the robber’s entire face because of the mask.  Bogan testified he could see Alexander’s
eyes, nose, and mouth because the mask was loose and open.  Bogan was not required to see the entire face
to make a positive identification.  See Punch
v. State, No. 14-01-00117-CR, 2002 WL 15887, at *3 (Tex. App.—Houston [14th
Dist.] Jan. 3, 2002, no pet.) (mem. op. not designated for publication)
(holding sufficient evidence included identification of appellant from half of
his face visible as he adjusted his ski mask several times).  

Third, Alexander asserts that
Sanders delayed in informing the police that the get-away car had distinctive
yellow paint on the rear bumper.  The
delay may be a reason for the jury to doubt Sander’s credibility, but such a
determination is for the jury to make.  See Wesbrook, 29 S.W.3d at 111.  Sanders
and Bogan saw the perpetrator’s vehicle, and Alexander’s car matched their
description including the yellow paint reported by Sanders.  The surveillance video also showed a car that
matched Alexander’s car, despite his arguments to the contrary.  

Fourth, Alexander asserts that his
own testimony exonerates him.  He
testified that he had never been to Fort Bend County, that he was probably at
work at the time, and had never seen Bogan or his co-defendant before
trial.  Again, Alexander’s challenge goes
to weight and credibility.  See id. 
The testimony of one eyewitness is sufficient to uphold a jury’s
finding of guilt.  See Aguilar v. State, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); see Davis v. State, 177 S.W.3d 355, 359
(Tex. App.—Houston [1st Dist.] 2005, no pet.) (“It is well established that a
conviction may be based on the testimony of a single eyewitness.”); see Harmon v. State, 167 S.W.3d 610, 614
(Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).  Viewing the evidence in the light most
favorable to the verdict, the State presented enough evidence of Alexander’s
identity so that a rational jury could find him guilty beyond a reasonable
doubt.  See Jackson, 443 U.S. at 319, 99 S. Ct. 2789; see also Williams,
301 S.W.3d at 684–85. 

B.      Legal Sufficiency of Deadly Weapon
Evidence

Alexander argues a rational
fact-finder could not conclude that a gun was exhibited during the
robbery.  Bogan testified to Alexander’s
use and exhibition of a sawed-off twelve-gauge shotgun.  He stated the robber held the barrel of a
shotgun to his neck and he was placed in fear of imminent bodily injury and
death.  Since a shotgun is a type of
firearm, it constitutes a deadly weapon. 
See Tex. Penal Code Ann. §1.07(a)(17)(A).  Viewing the evidence in the light most
favorable to the verdict, the State presented enough evidence of Alexander’s
use and exhibition of a deadly weapon so that a rational jury could find he
committed aggravated robbery.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Williams,
301 S.W.3d at 684–85.  The evidence is therefore
sufficient to support the jury’s verdict. 

 We overrule Alexander’s first and second
issues.  




 

Conclusion

          We
affirm the judgment of the trial court. 

          

 

 

 

                                                                    Margaret
Garner Mirabal

                                                                   Justice


 

Panel consists of Chief Justice Radack, Justice
Massengale, and Justice Mirabal.[2]

 

Do not publish.   Tex. R.
App. P. 47.2(b).

 

 

 











[1]
          Several employees testified they
knew the co-defendant because his wife worked at the restaurant.  





[2]
          The Honorable Margaret Garner Mirabal, Senior Justice, Court of Appeals
for the First District of Texas, participating by assignment.