**David Michael HARMON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–04–00195–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 5, 2005.

Stephen Taylor, Humble, TX, for appellants.

Eric Charles Carcerano, Daniel P. Bradley, Anahuac, TX, for appellees.

Panel consists of Justices YATES, EDELMAN, and GUZMAN.

## OPINION

LESLIE BROCK YATES, Justice.

This is an appeal from a conviction for aggravated robbery. In three issues, appellant, David Michael Harmon, Jr., argues that the evidence is legally and factually insufficient to support the verdict and that the trial court erred in not allowing appellant to stand and walk in front of the jury without subjecting himself to cross-examination. We affirm.

### BACKGROUND

On October 22, 2002, while Jennifer Newby washed her car at a self-service car

wash, appellant approached her and asked if he could borrow her cell phone. When she responded that she did not have one, appellant went back to his car, which had its hood up. After being unable to get quarters from a change machine, Newby then asked appellant if he would exchange some of her dimes and nickels for quarters. Appellant gave her four quarters, and later appellant asked Newby if she could give him a ride to his mother's house so that he could get money to fix his car. Based on appellant's general appearance and conduct, Newby agreed to give him a ride.

During the ride, appellant pulled a gun on Newby and said that he was going to "jack" her. Appellant directed Newby to drive to an isolated area where he choked her and hit her in the head with the gun. Newby tried to escape, but appellant hit her in the head until she passed out.

Newby woke up in the back seat of her car; some of her clothes had been removed. She again tried to get away, but appellant pushed her toward the front seat and made her drive the car to an ATM while he rode in the back seat with the gun pointed at her. They went through a drive-through ATM several times, and Newby withdrew cash and gave it to appellant. Appellant then directed Newby back to the car wash, where he got out and told her not to tell the police what had happened.

Newby immediately drove to the college she attended, where a friend found her and took her to the hospital. Newby identified appellant in a photo lineup. A jury found appellant guilty of aggravated robbery and assessed a sentence of sixty years' imprisonment and a $10,000 fine. This appeal followed.

### Sufficiency of the Evidence

■ Appellant contends the evidence is both legally and factually insufficient to support his conviction. In evaluating a legal-sufficiency claim attacking a jury's finding of guilt, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex.Crim.App.2000). We do not ask whether we believe the evidence at trial established guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Rather, we determine only whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Cardenas v. State*, 30 S.W.3d 384, 389 (Tex.Crim.App.2000). In our review, we accord great deference " 'to the responsibility of the trier of fact [to fairly] resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.' " *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App.1996) (alteration in original) (quoting *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781). We presume that any conflicting inferences from the evidence were resolved by the jury in favor of the prosecution, and we defer to that resolution. *Id.* at 133 n. 13, 99 S.Ct. 2781.

■ In conducting a factual-sufficiency review of the jury's determination, we do not view the evidence "in the light most favorable to the prosecution." *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997). Instead, we view the evidence in a neutral light and inquire whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex.Crim.App.2004). We may find the verdict is factually insufficient in two ways. First, when considered by itself, the evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. *Id.* Second, after weighing the evidence supporting the verdict, the contrary evidence may be strong enough that the be-

yond-a-reasonable-doubt standard could not have been met. *Id.* Our evaluation should not intrude upon the fact-finder's role as the sole judge of the weight and credibility given to any witness's testimony. *Cain,* 958 S.W.2d at 407.

■ In his first and second issues, appellant challenges the legal and factual sufficiency of the evidence to support his conviction for aggravated robbery. Specifically, appellant claims that there is insufficient evidence that links him to the crime because (1) appellant was identified only by Newby, (2) there was no weapon recovered from appellant, (3) there was no currency found on appellant or at his residence, (4) there were no fingerprints from appellant in Newby's vehicle, and (5) there was no DNA evidence from Newby recovered from appellant's clothing or from appellant's residence.

There was testimony at trial by Newby that while in the car, appellant said that he was going to "jack" Newby. Appellant aimed a gun at Newby, choked her, and hit her in the head with the gun several times, causing serious injuries. Newby also testified that appellant used the gun and forced her to drive to an ATM so that she could withdraw money from her account to give to him. Newby testified that she feared for her life. Further, there are still-frame photos from the ATM surveillance video that Newby testified showed her in the front seat of the car and appellant in the back seat. Newby said that the entire incident lasted about an hour and that she got a good look at appellant. Soon after the incident, Newby quickly identified appellant from a photo lineup and also said at trial that she was "[a]bsolutely sure" that appellant was the person who beat and robbed her. This evidence is legally and factually sufficient to support the verdict.

Appellant argues that the evidence is insufficient because he was only identified by Newby. Newby's testimony standing alone is sufficient to support appellant's conviction. *See Batts v. State,* 673 S.W.2d 666, 668 (Tex.App.-San Antonio 1984, no pet.); *Washington v. State,* No. 14–02–01095–CR, 2003 WL 21710488, at *2 (Tex. App.-Houston [14th Dist.] July 24, 2003, pet. ref'd) (not designated for publication). Appellant also argues that the evidence is insufficient because there was no fingerprint or DNA evidence linking appellant with the crime, no weapon was recovered from appellant, and no currency was recovered from appellant. We find these arguments to be without merit. A rational jury could have found appellant guilty of aggravated robbery without DNA evidence, fingerprint evidence, or evidence of the gun or cash Newby gave to appellant. *See Santos v. State,* 116 S.W.3d 447, 459 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd) (rejecting argument that lack of fingerprints connecting appellant to robbery rendered evidence insufficient to support conviction).

Viewing the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of aggravated robbery. Viewing the same evidence in a neutral light, we conclude the jury was also rationally justified in finding guilt beyond a reasonable doubt. The evidence is therefore legally and factually sufficient to support the verdict. We overrule appellant's first and second issues.

### APPELLANT'S REQUEST TO STAND AND WALK IN FRONT OF JURY

■ In his third issue, appellant contends that the trial court erred by not allowing him to stand in front of the jury and walk a few steps. Appellant apparently made this request in order to rebut Newby's initial description to police as to

appellant's height, hair color, and eye color. The trial court stated that if appellant stood and walked in front of the jury, appellant would be subject to cross-examination by the State. Appellant therefore opted not to stand and walk in front of the jury. Appellant argues that the trial court's refusal to allow him to walk in front of the jury without subjecting himself to cross-examination violated his Fifth Amendment privilege against self-incrimination.

 "The Fifth Amendment privilege against self-incrimination protects a defendant 'from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature.'" *Williams v. State*, 116 S.W.3d 788, 791 (Tex.Crim.App. 2003) (quoting *Pennsylvania v. Muniz*, 496 U.S. 582, 589, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990)). The Fifth Amendment does not apply to every sort of incriminating evidence, only to incriminating evidence that is testimonial. *Id.* Therefore, whether or not appellant would have been subject to cross-examination upon being allowed to stand and walk in front of the jury depends on whether standing and walking in front of a jury is testimonial. *See id.*

 The State can compel a defendant "'to stand up, to assume a stance, to walk'" without violating the Fifth Amendment privilege against self-incrimination because such an action is not testimonial. *See Taylor v. State*, 474 S.W.2d 207, 210–11 (Tex.Crim.App.1971) (quoting *United States v. Wade*, 388 U.S. 218, 223, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967)); *see also Holder v. State*, 837 S.W.2d 802, 805 (Tex. App.-Austin 1992, pet. ref'd). Whether the request that a defendant do some action for the jury is made by the State or by the defense has no effect on determining whether the action is testimonial. *See*

*Williams*, 116 S.W.3d at 792 (finding that the analysis of whether voice exemplar is testimonial or not is unaffected by which side offered the evidence). Accordingly, a defendant's act of standing up and walking in front of the jury is not testimonial, whether offered by the State or the defendant. Further, a defendant who offers to stand up and walk in front of the jury does not waive his Fifth Amendment rights or subject himself to cross-examination. *See id.* at 793. Thus, it was error for the trial court to refuse to allow appellant to stand and walk in front of the jury without being subject to cross-examination.

 Having found error, we now must determine whether the error was harmful. Under Rule 44.2 of the Texas Rules of Appellate Procedure, the nature of the error determines the standard under which it is evaluated. *Marsh v. State*, 140 S.W.3d 901, 908 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd). Constitutional error requires reversal of the conviction or punishment unless the reviewing court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. Tex.R.App. P. 44.2(a). Other errors that do not affect the substantial rights of the defendant must be disregarded. Tex.R.App. P. 44.2(b).

Without providing any harm analysis, appellant simply argues for reversal, and the State argues that the trial court's ruling was non-constitutional error. However, it is unnecessary to determine whether the error was constitutional because, even under the more stringent constitutional error test, we conclude beyond a reasonable doubt that the trial court's error in not allowing appellant to stand and walk in front of the jury without being subject to cross-examination did not contribute to appellant's conviction. As discussed above, Newby unequivocally identified appellant

at trial and earlier in a photo lineup. Additionally, there are still-frame photos from the ATM surveillance video that Newby testified depict her and appellant in her car. Newby's initial description of her assailant to police might have differed slightly from appellant's actual appearance, but the jury was able to see appellant's height when he entered the courtroom at the beginning of each day of trial. The jury was also able to see appellant's hair and eyes when he walked into the courtroom and while he sat at the defense table. Further, appellant was able to argue this point during his closing argument. Because we find that the trial court's refusal to allow appellant to stand and walk in front of the jury without subjecting himself to cross-examination was harmless, we overrule appellant's third issue.

The judgment of the trial court is affirmed.