Affirmed and Memorandum Opinion filed January 6, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00131-CR



 

Monzelle Lavan Steptoe, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 149th
District Court

Brazoria County, Texas

Trial Court Cause No. 58,852



 

MEMORANDUM  OPINION

 

Appellant Monzelle Lavan Steptoe was convicted of
aggravated robbery and aggravated kidnapping.  He was sentenced to 60 years’
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  On appeal he challenges the legal and factual sufficiency of the evidence
to support his conviction.  We affirm.

Background

On the evening of December 13, 2008, the complainant,
Charlene Reed, drove to her local Kroger store.  As she drove into the parking
lot, she saw a man standing outside Kroger.  She pulled into a parking space,
removed her keys from the ignition and began to get out of her van.  She saw
someone quickly approaching out of the corner of her eye, realized he was not
approaching in a normal manner, and closed the van door and locked it.  The man
walked up to the driver’s side window, pressed a gun to the window, and said,
“Open the door or I’ll shoot you.  Open the door.”  Reed described the gun as
black with a square barrel.  Thinking she could pacify the man by giving him
her car, Reed opened the door to let him in.  He got into her van and told her
to move to the passenger seat.  He asked for her purse, which was behind the
seat.  She brought the purse forward and put it in the front seat.  He told her
to start the car, which she did.  During the entire time he held the gun to her
head and told her, “Don’t you move.  Stay right there.”  

Reed testified that she believed the gun was real and
believed she was going to be shot.  Because she feared for her life, Reed fled
the van.  She testified that, “if I was going to get shot, then I wanted to get
shot there at Kroger and die there at Kroger so at least my family would be
able to find me.”  Reed was unable to escape the van because the man held on to
her arm and struck her with the gun as she attempted to flee.  As he pulled her
back into the van, Reed pushed the panic button in the van, which drew bystanders
toward them.  When the bystanders began moving toward the van, the man ran
away.  

Police officers traced the man’s cellular telephone
he left behind, and eventually arrested appellant.  Appellant gave a statement
to police in which he admitted that as he was walking home on the night of
December 13, 2008, he walked through the Kroger parking lot.  On his way to
Kroger he passed a McDonald’s and saw several children’s toys.  He picked up a
water gun and decided he “needed a ride home.”  Appellant stated that, “all I
wanted was a car and not to rape nor harm anyone whatsoever.”  He said he never
asked “the woman for anything but her keys and she scared me when she went to
screaming.  So, I hit her a couple of times and ran away.”  He stated, “All I
wanted was her car to get home out of the cold weather.”  Appellant was
subsequently convicted of aggravated robbery and aggravated kidnapping and
sentenced to 60 years in prison.

Sufficiency
of the Evidence

In four issues, appellant contends the evidence is
legally and factually insufficient to support the convictions of aggravated
robbery and aggravated kidnapping.

In evaluating the legal sufficiency of the evidence
to support a criminal conviction, we view all of the evidence in the light most
favorable to the verdict and determine whether a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979).  The jury is the exclusive judge of
the credibility of the witnesses and of the weight to be given their testimony,
and it is the exclusive province of the jury to reconcile conflicts in the
evidence.  Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).  Hence,
we do not reevaluate the weight and credibility of all the evidence or
substitute our judgment for the fact finder’s.  King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000).

With regard to the factual sufficiency of the
evidence, a majority of the judges of the Court of Criminal Appeals recently
determined that “the Jackson v. Virginia legal-sufficiency standard is
the only standard that a reviewing court should apply in determining whether
the evidence is sufficient to support each element of a criminal offense that
the State is required to prove beyond a reasonable doubt.”  Brooks v. State,
No. PD-0210-09, 2010 WL 3894613 *1 (Tex. Crim. App. October 6, 2010) (plurality
op.)(Hervey, J., joined by Keller, P.J., Keasler, and Cochran, J.J.); id.,
2010 WL 38946l3, at *14–15 (Cochran, J., concurring, joined by Womack, J.)
(same conclusion as plurality).  Therefore, we will review the evidence under
the standard set out in Jackson v. Virginia.

Aggravated Robbery

A person commits the offense of aggravated robbery if
he intentionally or knowingly places another in fear of imminent bodily injury
or death by using a deadly weapon while committing theft.  Tex. Penal Code Ann.
§ 29.03.  Appellant contends the evidence is insufficient to show he intended
to commit theft or that he used a deadly weapon.  Appellant admitted to
attacking Reed in an effort to take control of her van so he could drive home. 
Reed testified that appellant asked for her purse and attempted to control her
vehicle.  Therefore, it is rational for a jury to conclude that appellant
intended to steal Reed’s vehicle.

With regard to whether the evidence is sufficient to
support the jury’s finding that a deadly weapon was used, the indictment
alleges that appellant intentionally or knowingly or recklessly caused bodily
injury to Reed by striking her in the head with a pistol and that he used or
exhibited a firearm.  Appellant alleges there is no evidence a firearm was
used.  

A “firearm” means any device designed, made, or
adapted to expel a projectile through a barrel by using the energy generated by
an explosion or burning substance or any device readily convertible to that
use.  Tex. Pen. Code Ann. § 46.01(3).  A gun, however, may be a much broader
term than “firearm” when taken out of context, and may include such non-lethal
instruments as BB guns, blow guns, pop guns, and grease guns.  See O’Briant
v. State, 556 S.W.2d 333, 335–36 (Tex. Crim. App. 1977).  In this case,
Reed testified that appellant pointed a gun at her head and used it to beat
her.  She described the gun as black with a square barrel, and testified that
appellant used it in such a manner that she was afraid he would shoot her.  Her
testimony suggests the gun is a firearm rather than merely a gun of the
non-lethal variety.  

Appellant further contends that the DNA evidence did
not exclude him with sufficient certainty to identify him as the perpetrator. 
A forensic scientist for the Texas Department of Public Safety crime laboratory
testified that appellant could not be excluded as a contributor at seven out of
sixteen locations where DNA was collected in the van.  Not only is Reed’s
identification sufficient to support appellant’s conviction, he admitted he was
in the van and that he attempted to take Reed’s van.  Therefore, the DNA
evidence is irrelevant because identity was not at issue.  See Harmon v.
State, 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet.
ref’d).  Viewed in the light most favorable to the verdict, the evidence showed
that appellant intentionally, knowingly, or recklessly caused serious bodily
injury in the course of committing a robbery.  The evidence further showed that
appellant used or exhibited a deadly weapon.  Appellant’s first two issues are
overruled.

Aggravated Kidnapping

A person commits the offense of aggravated kidnapping
if he intentionally or knowingly abducted the complainant with the intent to
commit aggravated robbery or facilitate his flight from the robbery. Tex. Pen.
Code Ann. § 20.04(a)(3).  “Abduct” as alleged in this case means to restrain a
person with the intent to prevent liberation by threatening deadly force. Tex.
Pen. Code Ann. § 20.01(2)(B).  “Restrain” means to restrict a person’s movement
without consent so as to interfere substantially with his or her liberty by
moving him or her from one place to another.  Id. § 20.01(1).  Threats
may be communicated by actions, words, or deeds, including acts amounting to an
offer to use future force.  Rogers v. State, 550 S.W.2d 78, 81 (Tex.
Crim. App. 1977); Kenny v. State, 292 S.W.3d 89, 98 (Tex. App.—Houston
[14th Dist.] 2007, pet. ref’d).

Appellant contends the evidence is insufficient to
prove the elements of aggravated kidnapping, and that the evidence only proved
that appellant wanted a ride home to get out of the cold weather, not that he
intended to abduct Reed.  Reed testified that appellant threatened her with a
gun and told her to open the van door.  After opening the door, Reed attempted
to escape, but appellant pulled her back into the van, and restrained her by
repeatedly striking her with a firearm.  Appellant did not abandon his attack
until Reed pushed the van’s panic button and bystanders began to gather.  The
evidence shows that appellant used threats and physical brutality to restrain
Reed’s liberty and prevent her escape during the course of a robbery.  

The factfinder may draw reasonable inferences and
make reasonable deductions from the evidence as presented to it within the
context of the crime.  See Goodin v. State, 750 S.W.2d 857, 859
(Tex.App.—Corpus Christi 1988, pet. ref’d).  Viewed in the light most favorable
to the verdict, the evidence showed that appellant intentionally or knowingly
abducted Reed by restricting her movements without her consent so as to
interfere substantially with her liberty.  Appellant’s third and fourth issues
are overruled.

The judgment of the trial court is
affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Boyce, and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).