**Affirmed and Memorandum Opinion filed October 25, 2011.**



In The

# Fourteenth Court of Appeals

### NO. 14-10-00846-CR

### LEBRANDON TORNARD VICTOR, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 09CR0028**

## MEMORANDUM OPINION

Appellant Lebrandon Tornard Victor appeals the sufficiency of the evidence supporting his jury conviction for burglary of a habitation. We affirm.

Police responding to a 9-1-1 call about a home invasion and robbery in progress arrested Victor and three other men. Victor came out of the house carrying a firearm and an officer immediately stopped him. Told three times to drop his weapon, Victor finally complied and was apprehended. Police also apprehended the other men, and they have each pleaded guilty. Victor was indicted for burglary[1] and was the only one to go to trial.

---

[1] Though the police responded to a call about a robbery in progress, the State charged Victor not with robbery, but burglary. *Compare* Tex. Pen. Code § 29.02–.03 (robbery and aggravated robbery) *with* Tex. Pen. Code § 30.02 (burglary).

Victor testified he had nothing to do with the burglary. He admitted to knowing the other three men but claimed he was at the scene of the crime only because he had driven them there to pick up some drugs. He told the jury that he dropped off the three men at the house, parked down the street, followed the men to the house, and waited outside. After 30–45 minutes, he retrieved a firearm from his car, returned to the house, and knocked on the door. At that point, he heard the police officer order him to drop the gun.

The eight family members inside the house when it was burglarized collectively told a different story. They were awoken in the middle of the night by a crash at the front door and men yelling, in English and Spanish, "Police, Police!" One victim, who had been sleeping next to his wife, looked outside and saw a man standing there but no police cars. Two men, one identified as Victor, kicked down the couple's bedroom door and fired a gun, demanding money and drugs.

A mother and her daughter were sleeping in another room and woke up when they heard a loud noise. The mother testified that Victor was one of two men who came into the room, taped her hands behind her back, and demanded money. The daughter also testified that Victor was inside the house, though she could not remember what exactly he had done.

Because of a language mix-up,[2] the men thought the family was hiding drugs in the garage. Two men, one of them identified as Victor, took one of the victims to the garage to look for drugs. When they returned without finding any drugs or money, the intruders became increasingly violent, knocking holes in the walls and threatening to kill the family. According to two family members, Victor was aiming his gun at one victim's head when another intruder shouted, "The police, the police!" The four men then scattered.

---

[2] One of the intruders mentioned a "bird" and demanded one from the family. One of the victims said there were birds in the garage. An officer testified that "bird" is used in drug slang to mean a kilogram of cocaine, but the victim was referring to the family's two pet parakeets.

Victor argues that his conviction should be overturned because the victims' eyewitness testimony is unreliable and there is no physical evidence placing him inside the house during the burglary. He contends that the evidence against him is insufficient because, as a matter of law, it establishes reasonable doubt.

A majority of judges on the Court of Criminal Appeals has concluded that the *Jackson v. Virginia*[3] legal-sufficiency standard is the only standard a court reviewing a criminal case should apply in determining whether the evidence is sufficient to support each element that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (Hervey, J., joined by Keller, P.J., Keasler, and Cochran, J.J.); *id.* at 926 (Cochran, J., concurring, joined by Womack, J.) (agreeing with the plurality conclusion). Accordingly, we ask only if the evidence is legally sufficient to sustain a verdict of guilty beyond a reasonable doubt. *See id.* at 912 (plurality op.); *see also Orsag v. State*, 312 S.W.3d 105, 115 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

In a legal-sufficiency case, we examine all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard of review applies to cases involving both direct and circumstantial evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Although we consider everything presented at trial, we do not substitute our judgment regarding the weight and credibility of the evidence for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We presume the jury resolved conflicting inferences in favor of the verdict, and defer to that determination. *Clayton*, 235 S.W.3d at 778. We also determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.*

---

[3] 443 U.S. 307 (1979).

To obtain a conviction for burglary of a habitation, the State must prove, beyond a reasonable doubt, that the accused entered a habitation without the effective consent of the owner and then committed or attempted to commit a felony, theft, or assault. Tex. Penal Code § 30.02(a)(3). The State must prove beyond a reasonable doubt that the defendant is the person who committed the charged offense. *Wiggins v. State*, 255 S.W.3d 766, 771 (Tex. App.—Texarkana 2008, no pet.) (citing *Miller v. State*, 667 S.W.2d 773, 775 (Tex. Crim. App. 1984)). An individual can be charged as a party to an offense and can be held criminally responsible for the conduct of another when that individual acts in concert with another person in committing the offense. Tex. Penal Code §§ 7.01–7.02. Circumstantial evidence alone can be sufficient to establish guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004). Furthermore, an individual can be guilty of burglary of a habitation even though he does not personally enter the burglarized premises if he is acting together with another in the commission of the offense. *Powell v. State*, 194 S.W.3d 503, 506–07 (Tex. Crim. App. 2006).

Victor argues that the evidence is insufficient to support his conviction on two grounds: It fails to show that he actually participated in the burglary, and it fails to show that he is criminally responsible, under the law of parties, for the burglary committed by the other men. He relies on minor inconsistencies in the victims' testimony and a lack of physical evidence linking him to the crime, but he fails to point out any comparable Texas cases in which the evidence was found to be insufficient.

Victor correctly notes that each of the six witnesses gave slightly different testimony about the events in question, and he highlights some academic criticism of eyewitness testimony that characterizes such testimony as inherently unreliable. He asks us to hold that "shaky eyewitness testimony conclusively establishes a reasonable doubt." We decline to do so.

The testimony of a single eyewitness can be enough to support a conviction. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971). The jury alone decides

4

whether to believe eyewitness testimony, and the jury alone resolves any conflicts or inconsistencies in the evidence. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998); *Orsag*, 312 S.W.3d at 115. Likewise, the jury alone weighs the evidence, and it may find guilt without physical evidence linking the accused to the crime. *Harmon v. State*, 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

Two victims testified that Victor came uninvited into their rooms in the dead of night, and two victims testified that Victor was aiming a gun at another victim when the police arrived. On these facts alone, a rational jury could find that Victor had entered a habitation without the effective consent of the owner and then committed or attempted to commit a felony, theft, or assault. *See* Tex. Penal Code § 30.02(a)(3); *Mosley*, 983 S.W.2d at 254. We presume the jury did so find, and we defer to that determination. *Clayton*, 235 S.W.3d at 778.

Having found the evidence legally sufficient to support a finding that Victor actually committed burglary of a habitation, we need not examine his responsibility for the acts of the other men.

* * *

For the foregoing reasons, we affirm.


/s/     Jeffrey V. Brown
         Justice


Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).

5