**Affirmed and Memorandum Opinion filed February 23, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00419-CR

---

**JOSEPH SPENCER WASHINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1234135**

---

## M E M O R A N D U M   O P I N I O N

Appellant Joseph Spencer Washington appeals his conviction for aggravated robbery. In a single issue, appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

Ralph Shorts, the complainant, worked in a security booth at an apartment complex. He was completing his shift at approximately 1:00 in the morning when a friend stopped by to lend Shorts $60.00. When the friend left, Shorts saw appellant walking across the street from the apartment complex. Shorts recognized appellant

because he had seen him near the apartment complex several times, and had spoken with him. Shorts walked away from the security booth toward a soda machine. As he turned away from the soda machine, appellant and two other men walked up behind him and raised his hands behind his back. As two of the men held Shorts's hands, appellant looked through Shorts's pockets. The two other men wore red bandannas over their mouths and noses. Appellant hit Shorts in the face with a gun, and took the $60.00 and a cellular phone. Appellant threatened to shoot Shorts if he contacted the police. Shorts positively identified appellant, both in a photo array and in court, as the person who robbed him.

Appellant testified that he and Shorts had previously engaged in shoving matches, and had a negative history. Appellant denied committing the crime, and denied being at the apartment complex on the day Shorts was robbed.

In a single issue, appellant contends the evidence is insufficient to support his conviction. When reviewing the sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Although we consider everything presented at trial, we do not reevaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

To obtain a conviction for aggravated robbery, the State needed to prove that (1) appellant unlawfully appropriated Shorts's property with the intent to deprive him of it; (2) appellant intended to obtain or maintain control of Shorts's property; and (3) appellant used or exhibited a deadly weapon. Tex. Pen. Code Ann. §§ 29.02, 29.03, 31.03.

Appellant argues the evidence is insufficient to show he was the one who committed the robbery. The evidence in this case came down to a dispute between Shorts and appellant. Shorts testified that appellant hit him in the face with a gun and took his cellular phone and cash from his pockets. Shorts positively identified appellant both in a photo array and in court. Shorts's testimony, standing alone, is sufficient to support appellant's conviction. *Harmon v. State*, 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

The record reflects that appellant and two other men approached Shorts, hit him with a gun, threatened him, and stole $60.00 and a cellular phone. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of aggravated robbery. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).

3