

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-15-00359-CR

———————————————

DESHAUN MEDLOCK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 54th District Court
McLennan County, Texas
Trial Court No. 2013-446-C2; Honorable Matt Johnson, Presiding

July 27, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following a plea of not guilty, Appellant, Deshaun Medlock, was convicted by a jury of aggravated robbery and sentenced to sixty years confinement.[1] By a sole issue, he challenges the sufficiency of the evidence to support his conviction given his cousin's (Edward Hancox) multiple confessions to family members and to the police. We affirm.

---

[1] TEX. PENAL CODE ANN. § 29.03(a)(3)(A) (West 2011). An offense under this section is a felony of the first degree. *Id.* at § 29.03(b).

BACKGROUND

The victim was sixty-seven years old at the time of the robbery. She is an illiterate widow who does not speak English. She lives in a trailer in a small town and works at a nursing home nearby. When her husband was alive, he would help her endorse her paychecks and cash them for her. They did not have a bank account and she carried her earnings in a black purse. She kept her purse in a suitcase under her bed. After the victim's husband died, the victim enlisted a co-worker, who happened to be Appellant's mother, to help her cash her paychecks.

Appellant, whom the victim had known for about fifteen years, and his brother did yard work for the victim and she would pay them from her purse filled with cash. Late in the evening on November 20, 2012, the victim observed Appellant pacing in the alley. His demeanor gave her pause. Shortly thereafter, he broke into her trailer and demanded to know where she kept her money. After she was severely beaten, she indicated the money was in her bedroom. Appellant found the purse in the suitcase under the bed and grabbed some cash and fled.[2]

The victim's neighbors called 911 when they heard loud noises and screams coming from the trailer and saw the lights flicker on and off. They observed a figure at the victim's window move the curtains but could not identify the figure in the dark. According to one of the neighbors, the suspect was wearing gloves, dark clothing, and a hooded sweatshirt. She saw the suspect exit the trailer and run down the alley.

---

[2] The evidence established that she had approximately $27,000 in cash in her purse before the robbery and that Appellant stole $7,500.

After the robbery, the victim stumbled outside bloodied and beaten. Her neighbor came to her assistance as police were arriving. The victim immediately identified Appellant by his nickname to the responding officer as the person who had beaten and robbed her. Officers secured the crime scene and began a search for Appellant at different locations.

At Appellant's residence, his wife identified the van that he was driving and officers located that van at Appellant's grandmother's home where his aunt, Billie Hancox, also resided with Appellant's cousin, Edward Hancox. When officers arrived, they were met by hostile occupants, including Edward, who claimed that Appellant was not there. For safety reasons, the occupants were handcuffed and detained outside the residence. Billie, who had been asleep, was awakened by the commotion. She was cooperative and gave officers consent to have the home searched. Appellant was found pretending to be asleep in one of the bedrooms. He was arrested and placed in a patrol car. Officers then received consent to search the house for evidence. They recovered articles of clothing that matched the description from the victim and her neighbors and also found $7,500 under the mattress where Appellant had been laying.

Months after Appellant's arrest, Edward Hancox went to police and gave a statement indicating he was the one who had robbed and beaten the victim. Hancox's statement was found to be unreliable and the case proceeded against Appellant.

APPLICABLE LAW

A person commits robbery if in the course of committing theft and with intent to obtain or maintain control of the property, he (1) intentionally, knowingly, or recklessly

3

causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a) (West 2011). The offense becomes aggravated if the person causes bodily injury to another person sixty-five years of age or older. *Id.* at § 29.03(a)(3)(A). Bodily injury is defined as "physical pain, illness, or any impairment of physical condition." *Id.* at § 1.07(8) (West Supp. 2016).

STANDARD OF REVIEW

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 33 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In determining whether the evidence is legally sufficient to support a conviction, this court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). As a reviewing court, we must defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899.

ANALYSIS

Appellant does not dispute the sufficiency of the evidence to support the essential elements of aggravated robbery of a person sixty-five years of age or older.

4

Rather, he disputes identity by arguing that "no rational factfinder could have found that [he], not Hancox, committed this crime." In other words, Appellant maintains a rational jury should have had reasonable doubt that he committed the offense.

In criminal cases, the identity of the criminal actor is an "elemental fact." *Johnson v. State*, 263 S.W.3d 405, 412 (Tex. App.—Waco 2008, pet. ref'd) (citing *Threadgill v. State*, 146 S.W.3d 654, 664 (Tex. Crim. App. 2004)). Identity may be proven by direct or circumstantial evidence. *Id.* However, the testimony of a single eyewitness is sufficient to support a conviction. *Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (citing *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1977)). A victim's testimony alone is sufficient to support a conviction even without physical evidence linking the accused to the crime. *Harmon v. State*, 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (finding that eyewitness identification without DNA evidence, fingerprint evidence, a weapon, or cash does not render the evidence insufficient to support a conviction). The jury alone decides whether to believe eyewitness testimony, and the jury alone resolves any conflicts or inconsistencies in the evidence. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).

The victim testified that she had known Appellant for fifteen years and she had never seen Edward Hancox. When police arrived in response to the 911 call, the victim immediately identified Appellant as the person who had robbed and assaulted her.

Additionally, although Appellant's wife attempted to provide him with an alibi by testifying that at the time of the robbery, he was home with her, doubt was cast on her

testimony by Appellant's cell phone records. Appellant's wife testified that she could not recall Appellant receiving any calls while he was home with her but expert testimony established that multiple calls were made to Appellant's cell phone during the critical time frame. The jury was free to disbelieve Appellant's wife's alibi testimony. *See Evans v. State*, 202 S.W.3d 158, 163 (Tex. 2006) (noting that a fact finder may choose not to believe a defendant's mother's alibi testimony; "[s]he is after all, the defendant's mother.").

Appellant's defense at trial, which mirrors his argument on appeal, was that Hancox, whom he bears a resemblance to, committed the crime. Hancox made a written statement confessing to the offense five months after the offense. His confession, however, was debunked by an investigator who interviewed him. Critical inconsistencies between the details of the robbery and Hancox's confession were revealed. Specifically, Hancox's confession included an incorrect date and time of the offense. He also confessed that he "busted" his way in by using his right shoulder on the door when in fact, the door opened outward. He claimed that he found the victim in bed with her "head facing the west and feet to the east."[3] The victim testified she was not lying down and the investigator testified that her bed faced north and south, not east and west. He confessed to pushing and shoving the victim "down" while the extent of her injuries would have required more force. Finally, Hancox claimed he found the money in a "suitcase in a white grocery bag." The evidence showed that the cash was in the victim's black purse inside a suitcase under her bed. A grocery bag was never part of the investigation.

---

[3] The investigator noted that Hancox's description was unusual and more akin to how law enforcement would describe the scene.

Furthermore, during his interview with the investigator, Hancox did not remain consistent with his confession. While testifying, the investigator was asked if Hancox was trying to get Appellant "off," to which he replied, "that's exactly what [Hancox] said." Eventually, prior to trial, Hancox recanted his confession and claimed that an unknown third party had committed the offense. After interviewing Hancox, the investigator found the confession to be unreliable.

Based on the victim's immediate identification of Appellant, Hancox's debunked confession, and the rejection by the jury of Appellant's wife's alibi testimony, we conclude the jury's verdict was not irrational. The jury was the sole judge of the witnesses' credibility and the weight to be given their testimony and we will not disturb the verdict. Appellant's sole issue is overruled.

MOTION TO WITHDRAW

Pending before this court is retained counsel's *Motion to Withdraw as Counsel* in which he represents that he has received consent to withdraw. By order of the court, the motion is conditionally granted upon expiration of the time in which to file a motion for rehearing, should Appellant desire to do so. *See* TEX. R. APP. P. 49.1.

CONCLUSION

The trial court's judgment is affirmed and retained counsel's motion to withdraw is conditionally granted.

Patrick A. Pirtle
Justice

Do not publish.

7