**Affirmed as Modified and Memorandum Opinion filed March 31, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00873-CR

### KEVIN JOHNSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1553641**

### MEMORANDUM OPINION

Appellant Kevin Johnson appeals his conviction for aggravated robbery with a deadly weapon, enhanced . *See* Tex. Penal Code Ann. § 29.03(a)(2). In two issues appellant contends the evidence is insufficient to support his conviction and the judgment incorrectly reflects a finding of true to the second enhancement paragraph. Concluding that the judgment contains a clerical error and the evidence is sufficient to support appellant's conviction we modify the judgment of conviction to delete the

finding of true to the second enhancement paragraph and affirm the judgment as modified.

## BACKGROUND

The complainant Daniel Salguero left work and drove several of his co-workers home. When he was dropping off the last co-worker, Walter, at Walter's apartment complex, a car suddenly drove up and parked beside Salguero's car on the passenger side. Two men got out of the car and ran toward Walter and Salguero. Salguero testified that one of the men had a gun and was wearing a tank top and had a tattoo. Salguero did not see a gun but Walter told him one of the men had a gun. Walter had to tell Salguero what the men were saying because Salguero does not speak or understand English. The man had the gun at Walter's back and said that they wanted their wallets and phones.

The robbers grew frustrated with Salguero and Walter because they were speaking Spanish with each other. As the robbers grew frustrated, they switched places and the man with the gun pointed it at Salguero. Salguero did not see the gun but felt it against his body. Salguero testified that he was afraid, and the gun felt real. Even though Salguero did not speak English he understood that he was being robbed and his life was in danger. After the man took Salguero's phone and wallet he also took a laptop out of the car. Both robbers then left in the car in which they had arrived.

While Salguero and Walter were reporting the robbery to police they received word that the robbers had been apprehended and police had recovered their belongings. Police officers brought the suspects back to the apartment complex about two hours after the robbery and asked Salguero whether he could identify

2

them. Salguero identified appellant as the person who pointed the gun at him. Salguero also identified appellant in court.

Appellant and his accomplice were apprehended when a random license plate check revealed that their vehicle was stolen. Officer Alex Chan of the Houston Police Department called in the stolen vehicle and began following it while waiting for back up. When back up arrived and the officers activated their lights and sirens, appellant sped up, requiring the officers to give chase. The chase ended when appellant lost control of his car and crashed. Immediately after the chase Chan learned that the car had been involved in an aggravated robbery. When Chan conducted an inventory of the car's contents, he found Salguero's wallet and laptop in addition to a gun. Chan testified that the serial number had been scratched off the gun.

The jury found appellant guilty of aggravated robbery with a deadly weapon, found one enhancement paragraph for a prior conviction true, and assessed punishment at 35 years in prison. In two issues on appeal appellant challenges the sufficiency of the evidence to support the conviction and that a recitation in the judgment of a finding of true to the second enhancement paragraph was incorrect.

## ANALYSIS

### I. The evidence supports appellant's conviction for aggravated robbery with a firearm.

Appellant challenges the sufficiency of the evidence that he was guilty of aggravated robbery, specifically appellant argues the State failed to prove appellant used a firearm in the commission of the aggravated robbery. Appellant asserts the gun used in the robbery could have been a toy gun.

3

**A.     Standard of Review**

We review evidentiary sufficiency challenges under the standard set forth in *Jackson v. Virginia. See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). The reviewing court must consider the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Anderson v. State*, 416 S.W.3d 884, 888 (Tex. Crim. App. 2013).

The jury is the sole judge of the credibility of witnesses and the weight to afford testimony. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). The jury may reasonably infer facts from the evidence presented, credit the witnesses it chooses, disbelieve any or all of the evidence or testimony proffered, and weigh the evidence as it sees fit. *See Williams v. State*, 473 S.W.3d 319, 324 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). When the record supports conflicting inferences, the reviewing court presumes the trier of fact resolved the conflicts in favor of the State and defers to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

**B.     The evidence was sufficient to establish that appellant used a firearm in the commission of the offense.**

A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Tex. Penal Code Ann. § 29.02(a)(2). A person commits aggravated robbery if he uses or exhibits a deadly weapon during the commission of a robbery. Tex. Penal Code Ann. § 29.03(a)(2). A firearm is per se a deadly weapon. Tex. Penal Code Ann. § 1.07(a)(17)(A).

The State charged appellant with aggravated robbery with a deadly weapon, alleging that he "did then and there use and exhibit a deadly weapon, namely a firearm." Because of that allegation in the indictment, the State was required to prove the use of a firearm beyond a reasonable doubt. *See Brown v. State*, 212 S.W.3d 851, 860 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

Appellant argues the State did not prove that the gun used in the robbery was real because the gun was not introduced into evidence and because Salguero did not testify that he saw the gun. Appellant also argues that there was no reliable evidence that the gun found in appellant's car was the gun used to rob Salguero.

The jury heard evidence from the complainant that he was robbed at gunpoint and that when the gun was pointed at him it "felt real." The complainant's companion told Salguero that he saw a gun and Salguero felt the gun when appellant placed it against his body. When appellant was apprehended a gun, identified as a firearm, was recovered by police officers. The jury also heard that within two hours of the robbery appellant evaded detention when police officers attempted to stop his vehicle. Appellant led officers on a chase and ultimately crashed his vehicle. Under the driver's seat of appellant's car officers found Salguero's wallet, laptop, and a firearm.

There is no indication in the record that appellant's gun could have been a toy or fake gun or a nonlethal gun such as a BB or paintball gun. It is true that the term "gun" may be a much broader term than "firearm" and may include such nonlethal instruments as BB guns, blow guns, pop guns, and grease guns. *See O'Briant v. State*, 556 S.W.2d 333, 336 (Tex. Crim. App. 1977). Courts have also recognized, however, that the fact finder may draw reasonable inferences and make reasonable deductions from the evidence as presented to it within the context of the crime. *See Williams*, 473 S.W.3d at 324. Absent any specific indication to the contrary at trial,

5

the jury should be able to make the reasonable inference, from the complainant's testimony that the "gun" used in the commission of a crime, was, in fact, a firearm. *See Cruz v. State*, 238 S.W.3d 381, 388 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

Officer Cooper testified that the stolen items were not processed for fingerprints. The record does not reflect whether the gun found in appellant's car was processed for fingerprints. However, the lack of physical evidence does not render the evidence supporting appellant's conviction insufficient. *See Harmon v. State*, 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). A rational jury could have found appellant guilty of aggravated robbery without DNA evidence, fingerprint evidence, or evidence of the gun from the robbery. *Id.* (citing *Santos v. State*, 116 S.W.3d 447, 459 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd)).

A rational jury could have concluded, beyond a reasonable doubt, that the gun that appellant used to rob Salguero and Walter was a firearm. *See Marshall v. State*, No. 01-17-00929-CR, 2019 WL 438593, at *3 (Tex. App.—Houston [1st Dist.] Feb. 5, 2019, pet. ref'd) (mem. op., not designated for publication) (testimony that the gun "looked like" a revolver, and complainant said that "it was" a revolver considered sufficient); *see also Wright v. State*, 591 S.W.2d 458, 459 (Tex. Crim. App. [Panel Op.] 1979) (holding evidence sufficient to support deadly-weapon finding when complainant stated appellant pulled weapon on him and referred to it using terms "gun," "revolver," and "pistol" interchangeably throughout testimony); *Williams v. State*, 980 S.W.2d 222, 224–25 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (holding evidence sufficient to establish firearm was used where witness described gun as black and metal-like, without a chamber like a revolver, square in front, and similar to demonstrative exhibit shown at trial); *Carter v. State*, 946

S.W.2d 507, 509 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd) (holding that victims' testimony that defendant used gun similar to .25 caliber gun shown at trial and threatened to shoot victims if they did not do as he ordered was sufficient to authorize rational jury to find firearm was used during offense). Accordingly, the evidence is sufficient to show that appellant used a firearm in the commission of the offense. We overrule appellant's first issue.

## II.    The judgment should be modified to correct a clerical error.

In appellant's second issue he argues the judgment incorrectly reflects the proceedings and should be reformed. Specifically, appellant argues the judgment incorrectly reflects a plea and finding as to the second enhancement paragraph. We agree.

Appellant's indictment reflects two enhancement paragraphs, one alleging appellant was previously convicted of burglary of a habitation in 2009 and the second alleging appellant was previously convicted of burglary of a habitation in 2012. At the punishment hearing appellant was arraigned on only the first enhancement paragraph, the 2009 burglary conviction. The trial court's charge on punishment also listed only one enhancement paragraph. The judgment lists a plea of not true and a finding of true as to the second enhancement paragraph.

The judgment contains a clerical error. Accordingly, we modify the trial court's judgment to delete a finding of true to the enhancement paragraph. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (stating appellate court has authority to modify a judgment to "speak the truth"). We sustain appellant's second issue.

7

## CONCLUSION

Having reviewed all of the evidence in the light most favorable to the verdict we hold the evidence was sufficient to support appellant's conviction for aggravated robbery with a deadly weapon. We further hold the judgment contains a clerical error that can be modified by deleting the plea of not true and the finding of true to the second enhancement paragraph. As modified, we affirm the trial court's judgment.


/s/ Jerry Zimmerer
   Justice


Panel consists of Justices Zimmerer, Spain, and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).