**Affirmed as Reformed and Memorandum Opinion filed December 13, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00375-CR

---

### LILLION DICK CRUSE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1391085**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Lillion Dick Cruse of robbery and assessed his punishment at ninety-nine years' confinement. Appellant challenges his conviction in eight issues. First, he contends that the trial court erred in denying his motion to suppress evidence of the pretrial identification. In his second issue, he asserts the trial court erred in denying his cross-examination of Detective Pineda related to the model policy of the Bill Blackwood Law Enforcement Management Institute of Texas. Third, he urges there is legally insufficient

evidence to sustain the conviction. In issue four, he contends the trial court erred in refusing to submit a requested lesser-included offense jury instruction of theft. Fifth, he complains the trial court erred in denying his motion to testify free of impeachment. In issues six and seven, appellant asserts the trial court erred in permitting improper jury argument. Eighth and finally, he contends the trial court erred in permitting Detective Pineda to testify based on matters outside his personal knowledge. We affirm the judgment as reformed.

## I. BACKGROUND

### A. The Robbery

On June 3, 2013, Jazmyne Williams was working as a cashier at a CVS store in Houston, Texas. A man approached the cash register, pointed a gun at Williams, and asked her to give him all of the money out of her cash register quietly. Williams put the cash register drawer on the counter. The man took the cash out of the cash register drawer and left the store. The incident was recorded on the CVS surveillance system.

On June 10, 2013, appellant entered the same CVS. As customers got behind appellant in line, he let them go in front of him. A cashier believed she recognized appellant from the surveillance video of the robbery on June 3. The cashier discussed her belief appellant was the robber with a co-worker, who then informed the manager. The manager, who also believed he recognized appellant from the surveillance video, spoke to appellant while an employee called the police. The manager continued speaking with appellant until officers from the Houston Police Department arrived and arrested appellant. Appellant had a BB gun in his possession at the time of his arrest.

## B. The Lineup

Williams was called by Detective Pineda of the Houston Police Department, informed that an arrest had been made, and asked to come in to view a lineup. She signed an admonishment form about the lineup procedures. The lineup consisted of appellant and four fillers. Williams was not informed the suspect was in the lineup. After viewing the lineup, Williams identified appellant as the man who committed the robbery on June 3. The admonishment form provided to Williams at the pretrial identification procedure contained the statement "I'm 100% sure that man, #3 in the (illegible) shirt it's him. I'm sure."

## II.    ANALYSIS

## A. Sufficiency of the Evidence

We begin by addressing appellant's third issue, in which he challenges the sufficiency of evidence to support his conviction of robbery. When determining whether evidence is legally sufficient to support the verdict, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We may not substitute our judgment for that of the fact finder by re-evaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id*. If any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000).

3

A person commits the offense of robbery if, in the course of committing theft "and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Penal Code Ann. §29.02(a). Williams's testimony that appellant was the man who robbed the CVS at gunpoint supports the finding that appellant committed robbery. Additionally, the jury was able to view the surveillance video of the robbery and still photos taken therefrom. The jury also heard from CVS employees working on June 10, 2013, when appellant was arrested. The employees stated that they believed appellant was the man who robbed the CVS on June 3, based on their review of surveillance footage of the robbery. The employees testified regarding appellant's behavior in the CVS on June 10.

Appellant argues Williams's identification of appellant as the robber is undermined by other evidence and the lineup proceedings. He states there was no fingerprint or DNA evidence presented to the jury. He also asserts that discrepancies in witness statements regarding his appearance and demeanor undermine the identification. Appellant also argues that the lineup proceedings were unduly suggestive and tainted Williams's identification.

The testimony of a single eyewitness can be sufficient to support a conviction. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); *Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). The jury alone decides whether to believe eyewitness testimony and how to resolve any conflicts or inconsistencies in the evidence. *See Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). Likewise, the jury alone weighs the evidence, and it may find guilt without physical evidence linking the accused to the crime.

4

*Harmon v. State*, 167 S.W.3d 610, 614 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). Looking at the evidence in the light most favorable to the verdict, a rational fact finder could have found beyond a reasonable doubt that appellant committed the robbery. We therefore overrule appellant's third issue.

### B. Denial of Motion to Suppress

In appellant's first issue, he contends the trial court erred in denying his motion to suppress the identification of appellant based on an unduly suggestive lineup identification procedure. The State asserts that appellant did not preserve his complaint for review.

A motion to suppress is simply a specialized objection to the admissibility of evidence. *Porath v. State*, 148 S.W.3d 402, 413 (Tex. App.—Houston [14th Dist.] 2004, no pet.). The motion must meet all the requirements of an objection. *Id.* An objection must be timely made and state the specific ground of objection, if the specific ground was not apparent from context. *See* Tex. R. App. P. 33.1(a)(1)(A); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015). The requirement of a timely, specific objection serves two purposes: (1) it informs the trial judge of the basis of the objection and affords the judge an opportunity to rule on it, and (2) it affords opposing counsel an opportunity to respond to the objection. *Douds*, 472 S.W.3d at 674.

The Court of Criminal Appeals has "long eschewed hyper-technical requirements for error preservation." *Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App. 2016). Specific words are usually not required to preserve a complaint; rather, a party need only "let the trial court know what he wants and why he feels himself entitled to it clearly enough for the judge to understand him." *Id.* Still, a general or imprecise objection will not preserve error for appeal

5

unless "the legal basis for the objection is *obvious* to the court and to opposing counsel." *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006).

Appellant filed a "motion for identification hearing outside [the] presence of the jury." In his motion he requested a hearing to determine what pretrial identification procedures were followed to evaluate whether appellant's right to counsel or due process rights was violated. Appellant, in his motion, further objected to any hearsay identification evidence or identification evidence that violated his right to counsel or that would be cumulative. In his motion, he prayed the court conduct a hearing related to the pretrial investigation procedure. Appellant did not ask that identification evidence be excluded at trial.

During the pretrial hearing on the motion, appellant's counsel stated his purpose for the hearing was to "make sure that the accused's rights were not violated at the lineup procedure." But, then, appellant's counsel stated, "[t]his is a motion for a hearing about the identification procedure, not a motion to suppress." Appellant did not argue at the hearing that the lineup identification procedure was unduly suggestive. Further, appellant did not request the court to exclude evidence of the pretrial identification during the hearing. At the conclusion of the hearing, the following exchange took place:

> The Court: Based upon this witness, I tend to agree that this lineup was conducted and there was more to it than just salt and pepper hair. So, I'm going to rule in favor of the State on this. I know you're going to object, and that's all right.
>
> [Defense Counsel]: I understand.
>
> The Court: That's why you're here. Anything else?
>
> [Defense Counsel]: Judge, we ask that the Court, at the appropriate time, make findings of fact and conclusions of law in regards to what's gone on in this case.

6

[The State]: I will still offer [the lineup video] and authenticate it through the officer and follow those procedures as well.

The Court: Okay.

[Defense Counsel]: Thank you, Your Honor.

Appellant's comments during the pretrial hearing were not sufficiently specific to inform the court or the State of an objection that the pretrial identification procedure was impermissibly suggestive. Appellant's motion and comments during the pretrial hearing did not preserve error on this issue.

Having found appellant's motion for hearing did not preserve error, we liberally construe appellant's first issue as a contention that the trial court erred in admitting evidence of Williams's pretrial identification of appellant. [1] To properly preserve error, a party must continue to object each time evidence is offered, unless either of two exceptions apply. *See Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). The exceptions do not apply here as appellant did not make a running objection and appellant did not assert objections sufficient to preserve error during the pretrial hearing. *See id.* (discussing the two exceptions). "An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004). During trial, Detective Pineda testified, without objection, that Williams positively identified appellant upon viewing the lineup. As evidence of Williams's pretrial identification was admitted without objection, we conclude that any error by the trial court in admitting evidence of Williams's pretrial

---

[1] We do not address whether appellant is challenging the in-court identification of appellant. As appellant did not object to the in-court identification by Williams, any argument on appeal as to error in admission was not preserved. *See* Tex. R. App. P. 33.1(a); *Perry v. State*, 703 S.W.2d 688, 670–71, 673 (Tex. Crim. App. 1986); *see also Mason v. State*, 416 S.W.3d 720, 737–38 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (only considering arguments concerning pretrial identification procedures as in-court identifications were not objected to at trial).

identification was cured when the same evidence came in through the Pineda's testimony without objection. *See Lane*, 151 S.W.3d at 193; *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) ("[O]verruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling.") We overrule appellant's first issue.

### C. Alleged Violation of Right of Confrontation

Appellant contends, in his second issue, that the trial court erred in limiting cross-examination of Detective Pineda regarding the model policy of the Bill Blackwood Law Enforcement Management Institute of Texas (LEMIT). Appellant asserts this error violated his Sixth Amendment right of confrontation. *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10. The State argues that appellant did not preserve error as to this issue. We agree.

During the trial, Detective Pineda was asked about his familiarity with the model lineup policies formulated by LEMIT. The following exchange took place:

> Q. [Defense Counsel] Are you aware of the fact that the models strongly suggest that the minimum number of fillers in a case be five, not four?
>
> [The State]: Objection. Relevance and speculation.
>
> [Defense Counsel]: Judge, this is the model required by state law. If he's an expert in this field --
>
> The Court: You're talking about models that are required by state law. All of a sudden you're quoting all of these laws that, quite frankly, I have to spend sometime [sic] looking them all up, even though I have the books up here and can go right to them. I can see where a police officer would have trouble answering all of those questions.
>
> [Defense Counsel]: Judge, I understand the Penal Code is large, but this is a law specifically passed to address lineups, which he does every day.

[The State]: Objection to counsel testifying. And this witness has already testified that he follows the general order, so. . .

The Court: He has.

[Defense Counsel]: May I proceed then, Judge? I assume you're not going to allow me to question him about the models prescribed by the Bill Blackwood School at Sam Houston State College?

The Court: Yes, I've been to Sam Houston State College.

To present a complaint for appellate review, a party must state the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. *See* Tex. R. App. P. 33.1; Tex. R. Evid. 103. The proponent of the evidence must do more than tell the judge the evidence is admissible; he must tell the judge why the evidence is admissible. *See Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005). Appellant did not invoke the Confrontation Clause in arguing that evidence related to LEMIT should be admissible. Further, appellant made no offer of proof regarding the substance of the evidence which he believed would be obtained through questioning Detective Pineda regarding LEMIT. *See Williams v. State*, 937 S.W.2d 479, 489 (Tex. Crim. App. 1996) (offer of proof required to preserve error regarding exclusion of evidence). We conclude appellant has not properly preserved this issue for review and overrule appellant's second issue. *See Reyna*, 168 S.W.3d at 179–80 (holding Court of Appeals erred in reversing conviction as appellant "did not clearly articulate" to trial court that Confrontation Clause required admission of evidence).

### D. Denial of Lesser-Included Offense Instruction

In his fourth issue, appellant contends the trial court erred in refusing to submit to the jury his requested lesser-included offense instruction of theft from a person. "[W]e review alleged charge error by considering two questions: (1) whether error existed in the charge; and (2) whether sufficient harm resulted from

the error to compel reversal." *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). The determination of whether a lesser-included offense instruction requested by a defendant should be given to the jury requires a two-step analysis: "First, the court determines if the proof necessary to establish the charged offense also includes the lesser offense." *Cavazos v. State*, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012). Second, "[i]f this threshold is met, the court must then consider whether the evidence shows that if the Appellant is guilty, he is guilty *only* of the lesser offense." *Id.* (emphasis added). The first step is a question of law and does not depend on the evidence produced at trial. *Rice v. State*, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011). "The credibility of the evidence, and whether it conflicts with other evidence, must not be considered in deciding whether the charge on the lesser-included offense should be given." *Dobbins v. State*, 228 S.W.3d 761, 768 (Tex. App.—Houston [14th Dist.] 2007, pet. dism'd) (citing *Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992)). However, an appellant is not entitled to an instruction on a lesser-included offense merely because the jury could have disbelieved certain evidence; instead, there must be some evidence "directly germane to the lesser-included offense." *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011).

The State does not dispute that theft falls within the offense of robbery in this case. Accordingly, we need only analyze the second prong. *See Earls v. State*, 707 S.W.2d 82, 84–85 (Tex. Crim. App. 1986) ("Theft, by whatever method committed, is necessarily included in the alleged elements of the greater offense of robbery, when, as in the instant case, the indictment alleged 'in the course of committing theft.'"). To satisfy the second prong, there must be some evidence that appellant intended to commit a theft, but not a robbery.

10

A person commits the offense of robbery if, in the course of committing theft "and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Penal Code Ann. § 29.02(a). A person commits theft if he unlawfully appropriates property with intent to deprive the owner of it. *Id.* § 31.03(a). Intentionally or knowingly threatening or placing another in fear of imminent bodily injury or death elevates a theft to a robbery. *See id.* § 29.02.

Appellant argues a jury could have rationally found guilt of theft alone in this case due to the "rapidity with which the individual grabbed the money from the cash drawer." Appellant provides no further explanation as to how the rapidity of the act could result in the classification of a robbery as a theft. Nor does appellant offer legal authority to support the argument. To the extent appellant is implying a person could not have feared bodily injury or death due to the speed of the interaction, there is no evidence in the record supporting this contention.

The evidence presented at trial established Williams observed the robber point a gun at her. She stated she felt threatened and was scared during the CVS robbery. Additionally, the surveillance video admitted into evidence shows the robber had a gun during the robbery.

We note, too, that appellant's argument is somewhat logically inconsistent with his unwavering position that he did not commit the offense at all. Specifically, appellant denied that he was the individual who committed the acts and continues the denial on appeal. Appellant has never made an alternative argument, such as, even if he were the assailant, Williams did not exhibit fear or appellant did not intend to threaten. As such, appellant neither offered nor points to evidence that Williams was not fearful of bodily injury or death or that appellant

11

did not intentionally or knowingly threaten or place Williams in fear of imminent bodily injury or death. Additionally, appellant did not offer evidence to contradict the State's evidence that a weapon was used in connection with the June 3 robbery. The evidence presented does not establish that appellant intended to commit a theft, not a robbery. *See James v. State*, 425 S.W.3d 492, 498 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (affirming trial court's denial of requested instruction for lesser-included offense when there was no testimony germane to the offense of theft); *see also Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994) ("'If a defendant either presents evidence that he committed no offense or presents no evidence, *and there is no evidence otherwise showing he is guilty only of a lesser included offense*, then a charge on a lesser included offense is not required.'"). Accordingly, we overrule appellant's fourth issue.

### E. Denial of Motion to Testify Free from Impeachment with Prior Convictions

In his fifth issue, appellant contends that the trial court erred in denying his motion to testify free from impeachment with prior convictions. To preserve error on a claim that the trial court erred in denying a motion to testify free from impeachment with prior convictions, the individual is required to take the stand and testify at trial. *See Jackson v. State*, 992 S.W.2d 469, 479–80 (Tex. Crim. App. 1999); *Whitaker v. State*, 909 S.W.2d 259, 262 (Tex. App.—Houston [14th Dist.] 1995, no pet.). Otherwise, an appellate court would be required to engage in

> the difficult task of speculating about (1) the precise nature of the defendant's testimony, (2) whether the trial court's ruling would have remained the same or would have changed as the case unfolded, (3) whether the government would have sought to impeach the defendant with the prior conviction, (4) whether the accused would have testified in any event, and (5) whether any resulting error in permitting impeachment would have been harmless.

12

*Jackson,* 992 S.W.2d at 479 (citing *Luce v. United States*, 469 U.S. 38, 41–42 (1984)). As appellant did not testify, he did not preserve error on his complaint that the trial court erred in denying his motion to testify free from impeachment.

Appellant acknowledges that he did not preserve error by failing to testify at the guilt-innocence phase of the trial. Appellant asks, however, that we "revisit prior precedent and find that the proffer made by Appellant in the court below was sufficient." This court, being bound to follow precedent from the Court of Criminal Appeals, lacks the authority to reexamine and overrule the precedent set by the high court in *Jackson. See Gardner v. State,* 478 S.W.3d 142, 147 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). We, therefore, decline appellant's invitation and overrule appellant's fifth issue.

### F. Alleged Improper Jury Argument

In his sixth and seventh issues, appellant contends that two of the State's comments during jury argument in the punishment phase of the trial were improper. First, appellant suggests the State improperly argued facts not in the record:

> [The State]: In 1967, convicted of burglary, Lubbock County, breaking into houses, three years in prison.
>
> [Defense counsel]: Objection, Your Honor. There's no evidence that's been admitted to that he was breaking into houses. Burglary --
>
> The Court: The jury heard the evidence.

To present a complaint on appeal regarding improper jury argument, the record must show that a timely and proper objection was made to the trial court and the trial court ruled on the objection, either expressly or implicitly, or the trial court refused to rule on the objection and the party objected to the refusal. Tex. R. App. P. 33.1. In response to appellant's objection the trial court stated "the jury

13

heard the evidence." The trial court's response does not constitute a ruling on the objection. *See Mayberry v. State*, 532 S.W.2d 80, 84 (Tex. Crim. App. 1975) (holding error was not preserved for review when the trial court stated "jury will recall the evidence"). As the appellant did not obtain an adverse ruling on his objection, nothing was preserved for review. Accordingly, we overrule appellant's sixth point of error.

Second, appellant complains of the following statement:

[The State]: But when you think about the crime that he committed on June 3rd, you know in your head that he went back there on June 10th because he was going to hit a lick again.

[Defense counsel]: Objection, Your Honor. They have not found him guilty of that. And she's already saying he's guilty of an extraneous twice --

The Court: Sir, make an objection, not a narrative. That's overruled.

As to this statement, appellant argues the prosecutor improperly went beyond the evidence and injected her opinion into the record. While litigants need not employ specific words to avoid forfeiting their complaints, "a general or imprecise objection will not preserve error for appeal unless 'the legal basis for the objection is *obvious* to the court and to opposing counsel.'" *Vasquez*, 483 S.W.3d at 554. Appellant's complaint of improper opinion is not obvious from the objection. We conclude appellant's objection was not sufficient to preserve error and overrule appellant's seventh issue.

## G. Alleged Improper Admission of Testimony

In his eighth and final issue, appellant contends that the trial court erred in permitting Detective Pineda to testify regarding criminals returning to the same location to commit another crime. Appellant argues that this testimony was outside the scope of Detective Pineda's personal knowledge and therefore

14

inadmissible under Texas Rule of Evidence 602. We review a trial court's ruling to admit evidence under an abuse-of-discretion standard. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). We must affirm if the trial court's ruling falls within the zone of reasonable disagreement. *Id*.

The following exchange occurred during Detective Pineda's testimony:

Q. [The State] Like, if someone committed a crime somewhere, why are they going to go back there and do it again. So, that's kind of been a theme of what's been going on today. And so, based on your training and experience, if someone is going to go rob someone and it's an easy hit — right?

A. Correct.

Q. — are they going to go back and do it again?

A. Definitely.

[Defense Counsel]: Objection, Your Honor. This is pure speculation on his part. I'd ask that his response be stricken.

[The State]: It's —

The Court: Overruled. You can go ahead and answer the question.

A. Yes, definitely.

Q. [The State] And so, if someone is going to go to a CVS — why? Why is that a yes?

A. Well, I mean, if he got away with it the first time and he feels comfortable with the environment, they're going to do it again. They're going to feel like they can get away with it again. That's not — that's very common, you know, for several locations to be hit by the same suspect or suspects?

Q. Is that over and over again?

A. Yeah. Yes, ma'am. Yes.

Q. Does it seem like they're going to get caught?

A. They will eventually, but in their mind they don't believe they will.

15

Q. Based on your training and experience, in their mind they're thinking, I got away with it once again, I'll get away with it again, I'll get away with it another time?

A. Correct. And that's the way they think.

The testimony is about criminal behavior in the Detective's experience, generally, and not specific to appellant. Detective Pineda is not opining as to the appellant's thought process such that the present matter is distinguishable from *Madrigal v. State*, 347 S.W.3d 809, 814 (Tex. App.—Corpus Christi 2011, pet. ref'd), cited by appellant in his brief, wherein the witness was specifically asked about the mental state of the defendant.

Additionally, presuming the trial court erred in admitting the evidence, we conclude the error is harmless. In conducting a harm analysis for non-constitutional errors, our objective is to determine whether the admission of the evidence had an effect on appellant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Haley v. State*, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005). "Pursuant to Texas Rule of Appellate Procedure 44.2(b), any non-constitutional error that does not affect appellant's substantial rights must be disregarded." *Haley*, 173 S.W.3d at 518. "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *Id*. In assessing the likelihood that the jury's decision was adversely affected by the error, an appellate court should consider everything in the record, including (1) any testimony or physical evidence admitted for the jury's consideration; (2) the nature of the evidence supporting the verdict; (3) the character of the alleged error and how it might be considered in connection with other evidence in the case; (4) whether the State emphasized the error; (5) the jury instructions; (6) the parties' theories; and (7) jury arguments and voir dire, if necessary. *Id*. at 518–19.

Appellant supplies no argument whatsoever about any harm that flowed from the alleged erroneous admission of this evidence and our review of the entire record reveals none. We conclude that the statements about criminal behavior in Detective Pineda's experience were not likely to adversely influence the jury's verdict. The evidence presented by the State supporting the verdict included the eye witness testimony from Williams identifying appellant as the robber and surveillance footage from the robbery. Additionally, evidence regarding appellant's actions in the CVS store on June 10 was admitted through the testimony of two CVS employees. Further, the record does not reveal that the State emphasized the alleged improper testimony. During the punishment proceedings, the State argued that appellant returned to the CVS store to commit another crime. However, that argument relied on appellant's prior convictions and not the alleged improper testimony from Detective Pineda. Nothing in the jury instructions, the voir dire, or the parties' theories of the case illustrates that Detective Pineda's opinion of how criminals think played any role in the trial beyond the above-cited exchange. Considering the alleged error in light of the other evidence admitted, we conclude appellant's substantial rights were not affected and any error in admitting Detective Pineda's testimony was harmless. We overrule appellant's eighth issue.

### H. Erroneous Judgment

"When a court of appeals has the necessary data and evidence before it for reformation, an erroneous judgment may be reformed on appeal." *Storr v. State*, 126 S.W.3d 647, 654–55 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (modifying the trial court's judgment to reflect that the defendant pled not guilty when the judgment reflected that he pled guilty). "[A]n appellate court has authority to reform a judgment when the matter has been called to its attention by

any source." *Joseph v. State*, 3 S.W.3d 627, 643 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (holding that an appellate court may reform a judgment to include an affirmative finding "to make the record speak the truth" even though the party did not raise the issue in the trial court)).

As the State points out in its brief, the trial court's judgment erroneously reflects that the jury convicted appellant of "Agg Robbery – Deadly Wpn." The record indicates that the jury convicted appellant of robbery. We exercise our authority to reform the trial court's judgment to reflect that the jury convicted appellant of "Robbery."

The trial court's judgment also erroneously reflects "Yes, A Firearm" in findings on deadly weapon. "For a trial court to enter a deadly-weapon finding in the judgment, the trier of fact must first make an 'affirmative finding' to that effect." *Duran v. State*, 492 S.W.3d 741, 746 (Tex. Crim. App. 2016) (citing Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(2)). The jury charge distinguished between aggravated robbery and robbery on the basis of whether a deadly weapon was used in the commission of the robbery. The lesser-included offense instructions regarding robbery did not require a finding of deadly weapon or include the phrase "as charged in the indictment." Further, the jury charge instructed that "a BB gun is not a firearm and is not a deadly weapon per se."

The verdict form included three potential verdicts:

"We, the Jury, find the defendant, Lillion Dick Cruse, not guilty."
"We, the Jury, find the defendant Lillion Dick Cruse, guilty of aggravated robbery, as charged in the indictment."[2]

_____

[2] Appellant was charged with "Agg Robbery – Deadly Wpn" in the indictment.

18

"We, the Jury, find the defendant, Lillion Dick Cruse, guilty of robbery."

The jury returned a verdict finding the appellant guilty of robbery. Additionally, no special issue related to a deadly weapon finding was submitted to the jury during the punishment phase of the trial. Accordingly, the record does not reflect any affirmative finding of a deadly weapon by the trier of fact. *See id.* at 746–48 (discussing manner in which affirmative finding as to deadly weapon is made by trier of fact). We reform the trial court's judgment to reflect "No" as to findings on deadly weapon.

We note an additional error in the judgment related to the deadly weapon finding: the judgment improperly ascribed the affirmative finding of use of a deadly weapon to "The Court." "Since the jury determined appellant's guilt and punishment, [the jury] was the proper fact finder to determine whether appellant used a deadly weapon. A properly worded finding should have indicated that the jury had made the finding." *Polk v. State*, 693 S.W.2d 391, 394–95 (Tex. Crim. App. 1985) (citations omitted). Reformation of this error is unnecessary as the entire finding as to deadly weapon should be deleted from the judgment. *See id*. at 395.

Additionally, the trial court's judgment erroneously reflects "N/A" for appellant's pleas, and the jury's findings, on two enhancement paragraphs. The record indicates that the appellant pled "Not True" to two enhancement paragraphs and the jury found that both paragraphs were "True." We further reform the trial court's judgment to reflect that appellant pled "Not True" to the two enhancement paragraphs and that the jury found both paragraphs were "True."

19

## III.  CONCLUSION

Having overruled each of appellant's issues, we affirm the trial court's judgment as reformed.


/s/    Sharon McCally
Justice


Panel consists of Chief Justice Frost and Justices McCally and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).